UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAVONNE DAMPIER,

            Plaintiff,

vs.                                    Case No.  2:06-cv-121-FtM-29DNF

JO ANNE BARNHART, Commissioner of
Social Security,

            Defendant.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #21), filed on January 20, 2007, recommending that the Commissioner's decision to deny social security disability benefits be affirmed.  Plaintiff filed Objections (Doc. #22) on February 6, 2007.

    The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. <u>Moore v. Barnhart</u>, 405 F.3d 1206, 1211 (11th Cir. 2005); <u>Crawford</u>, 363 F.3d at 1158.  Even if the evidence preponderates against the

Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. <u>Crawford</u>, 363 F.3d at 1158-59.  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner.  <u>Moore</u>, 405 F.3d at 1211; <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005).  The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision.  <u>Dyer</u>, 395 F.3d at 1210; <u>Shinn v. Comm'r of Soc. Sec.</u>, 391 F.3d 1276, 1282 (11th Cir. 2004); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The Objections assert that the ALJ erred in the following ways: (1) Failing to consider and find that her shoulder pain and diabetes were "severe" at Step 2 of the evaluation process; (2) failing to consider these two severe impairments in combination with the other severe impairments; (3) failing to properly analyze her pain testimony; (4) failing to carry his burden at Step 5 of the evaluation process by (a) making inconsistent findings that plaintiff could not perform her past relevant work, which was sedentary, but had the residual functional capacity to perform light work and (b) relying on vocational expert testimony which was inconsistent with the Dictionary of Occupational Titles; (c) treating plaintiff as though she was younger than 60 years old and failing to treat her as "closely approaching retirement age," and thereby using the wrong standard; and (d) finding she possessed

"highly marketable" skills without supporting evidence. After an independent review, the Court agrees with the findings, conclusions, and recommendations in the Report and Recommendation.

The Court agrees with the Report and Recommendation's discussion of plaintiff's left shoulder impairment and diabetes mellitus (Doc. #21, pp. 15-17). The Court finds that the ALJ properly considered these impairments and correctly concluded that they were not "severe" within the meaning of Step 2 of the evaluation process. As the Report and Recommendation discussed (Doc. #21, pp. 18-19), the ALJ properly considered all severe impairments both individually and in combination. The Court further agrees with the Report and Recommendation (Doc. #21, pp. 19-21) that the ALJ utilized the correct pain analysis and that his credibility finding and the impact of plaintiff's pain on her functional limitations was appropriate. The alleged Step 5 errors were fully discussed in the Report and Recommendation (Doc. #21, pp. 22-26), and the Court agrees with this analysis.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #21) is **accepted** and **adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **affirmed**.

2. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of February, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record